UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE ROBINSON,<br><br>       Plaintiff,<br><br>   v.<br><br>NOAH WILLSMORE,<br><br>       Defendant. | No. 2:24-cv-3681 TLN AC P<br><br><br>ORDER |

Plaintiff is a county inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. Pending before the court are plaintiff's application to proceed in forma pauperis, screening of the complaint, and motion to appoint counsel. See ECF Nos. 1-3.

I.   Application to Proceed In Forma Pauperis

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. ECF No. 2. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full.

1

II.     Statutory Screening of Prisoner Complaints

  A. Legal Standard

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id., 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

  B. Factual Allegations of the Complaint

Plaintiff alleges that on September 18, 2024, his parole agent, defendant Noah Willsmore, retaliated against him, unlawfully searched and seized him, and used excessive force

---

See 28 U.S.C. § 1915(b)(2).

in violation of plaintiff's rights under the United States and California constitutions. ECF No. 1 at 1-9. Specifically, plaintiff alleges that defendant Willsmore entered plaintiff's residence, complained about plaintiff's lawsuit against defendant, and said "I know what you did your lawsuite [sic]." Id. at 3, 5-9. When plaintiff responded that defendant Willsmore should not have falsely imprisoned him,[2] defendant Willsmore told plaintiff to "cuff up." Id. Plaintiff complied. Id. Defendant then roughly searched plaintiff and grabbed plaintiff by his jaw and shirt and slammed him on his bed." Id. at 3, 5, 7, 8. Plaintiff seeks monetary damages for each violation. Id. at 10.

### C. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), and making all inferences in plaintiff's favor, the court finds that plaintiff has adequately stated First Amendment retaliation, Fourth Amendment unlawful search and seizure, and Eighth Amendment excessive force claims under the United States Constitution against defendant Willsmore.

### D. Failure to State a Claim

However, the allegations in the complaint are not sufficient to state any state law claim for relief against defendant Willsmore because plaintiff has not alleged compliance with the California Government Claims Act. Because it appears to the court that plaintiff may be able to allege facts to fix these problems, plaintiff has the option of filing an amended complaint.

### E. Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendant Willsmore on his United States constitutional claims under the First Amendment for**

---

[2] It appears plaintiff and defendant are referring to plaintiff's complaint against defendant Willsmore in this court for false arrest, which plaintiff filed in August 2024, before the alleged incident in this case. See Robinson v. Willsmore, Case No. 2:24-cv-2246 DAD SCR (E.D. Cal). The court takes judicial notice of Case No. 24-cv-2246 DAD SCR. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." (citations omitted)); Fed. R. Evid. 201(b)(2).

**retaliation, the Fourth Amendment for unreasonable search and seizure, and Eighth Amendment for excessive force.  By choosing this option, plaintiff will be agreeing to voluntarily dismiss state law claims against defendant Willsmore.  The court will proceed to immediately serve the complaint and order a response from defendant Willsmore on the cognizable claims.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV.  If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

III.     Motion to Appoint Counsel

Plaintiff seeks appointment of counsel because he suffers from a severe mental illness and disability.  ECF No. 3.  Plaintiff claims that his diagnosis of major depressive disorder, severe, recurrent with psychotic features will interfere with his ability to adequately represent himself.  Id. at 1-2.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.  "Mental impairment may be grounds for appointment of counsel in certain situations, but the impairment must be an incapacitating mental disability and the plaintiff must present substantial evidence of incompetence."  Fletcher v. Quin, No. 15-cv-2156 GPC, 2018 WL 840174, at *2, 2018 U.S. Dist. LEXIS 23640, at *4 (S.D. Cal.

Feb. 13, 2018) (citation and quotation marks omitted).

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. His claims are not complex, the circumstances he describes are not uncommon to most prisoners, and he has not put forth substantial evidence to support that his mental health diagnosis make him unable to present himself. Accordingly, the motion to appoint counsel is denied.

IV.     <u>Plain Language Summary of this Order for Party Proceeding Without a Lawyer</u>

Your have been granted in forma pauperis status, which means you do not need to pay the full filing fee upfront; you will pay it over time, regardless of the outcome in this case.

Some of the allegations in the complaint state claims against defendant Willsmore and some do not. At this preliminary stage, you have sufficiently stated claims against defendant Willsmore for retaliation, excessive force, and unlawful search and seizure under federal law. However, you have not stated any state law claims against defendant Willsmore because you must first allege compliance with the California Government Claims Act.

You have a choice to make. You may either (1) proceed immediately on your federal retaliation, excessive force, and unlawful search and seizure claims against defendant Willsmore and voluntarily dismiss the other claims; or, (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. <u>See</u> Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

Lastly, your motion to appoint counsel is being denied at this time because your case against one defendant is not complex and you have not provided evidence that your alleged major depressive disorder prevents you from representing yourself.

<u>CONCLUSION</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

1  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
2  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
3  appropriate agency filed concurrently herewith.
4      3.  Plaintiff's complaint does not state claims against defendant Willsmore for any state
5  law violations.
6      4.  Plaintiff has the option to proceed immediately on his cognizable federal constitutional
7  claims for retaliation, excessive force, and unlawful search and seizure against defendant
8  Willsmore as set forth in Section III above, or to file an amended complaint.
9      5.  Within 21 days from the date of this order, plaintiff shall complete and return the
10 attached Notice of Election form notifying the court whether he wants to proceed on the screened
11 complaint or whether he wants to file an amended complaint.
12     6.  If plaintiff does not return the form, the court will assume that he is choosing to
13 proceed on the complaint as screened and will recommend dismissal without prejudice of
14 plaintiff's state law claims.
15     7.  Plaintiff's motion to appoint counsel (ECF No. 3) is denied.
16 DATED: April 24, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NOAH WILLSMORE,<br><br>　　　　　Defendant. | No. 2:24-cv-3681 TLN AC P<br><br>NOTICE OF ELECTION |

　　　　Check one:

_____ Plaintiff wants to proceed immediately on his First Amendment retaliation, Fourth Amendment unlawful search and seizure, and Eighth Amendment excessive force claims against defendant Willsmore without amending the complaint.  Plaintiff understands that by choosing this option, the state law claims against defendant Willsmore will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants time to file an amended complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　DeAndre Robinson
　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I.     Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II.     Legal Standards Governing Substantive Claims for Relief

A. First Amendment Retaliation

"[T]he First Amendment prohibits government officials from subjecting individuals to 'retaliatory actions' after the fact for having engaged in protected speech." Houston Cmty. Coll. Sys. v. Wilson, 595 U.S. 468, 474 (2022) (quoting Nieves v. Bartlett, 587 U.S. 391, 398 (2019)). "To state a First Amendment retaliation claim, a plaintiff must plausibly allege 'that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct.'" Capp v. County of

San Diego, 940 F.3d 1046, 1053 (9th Cir. 2019) (internal quotations omitted).

### B. Fourth Amendment Unlawful Search and Seizure

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. Courts examine "the totality of the circumstances" to determine whether a search or seizure is *reasonable* under the Fourth Amendment. Samson v. California, 547 U.S. 843, 848 (2006). This is done "by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." Id. (quoting United States v. Knights, 534 U.S. 112, 118-19 (2001)).

The Supreme Court and the Ninth Circuit have recognized that status as a parolee significantly diminishes one's privacy interests under the Fourth Amendment. Samson v. California, 547 U.S. 843, 850 (2006); United States v. Payne, 99 F.4th 495, 506 (9th Cir. 2024); United States v. Peterson, 995 F.3d 1061, 1067-68 (9th Cir. 2021); United States v. Johnson, 875 F.3d 1265, 1273 (9th Cir. 2017); see also United States v. Cervantes, 859 F.3d 1175, 1182 (9th Cir. 2017) (individuals under supervised release have the same diminished Fourth Amendment rights as parolees). As a result, parolees can be "subject to various state-imposed intrusions on their privacy, including mandatory drug tests, meetings with parole offices, and travel restrictions." Johnson, 875 F.3d at 1274 (citing Samson, 547 U.S. at 851).

In California, the law "provides that all parolees shall be 'subject to *search or seizure* by a probation or parole officer or other peace officer at any time of the day or night, *with or without a search warrant or with or without cause*." Id. (quoting Cal. Pen. Code § 3067(b)(3)) (emphasis added). Despite this, "[l]aw enforcement officers do not possess unfettered discretion to detain and search suspected parolees. Two principles constrain an officer's authority to conduct a suspicionless parole search or seizure pursuant to Cal. Penal Code § 3067(b)(3)." United States v. Estrella, 69 F.4th 958, 965 (9th Cir. 2023). "First, law enforcement must know that the subject

1 is on active parole before initiating a search or seizure pursuant to a parole condition. Second, the
2 encounter must not violate California's statutory prohibition on 'arbitrary, capricious, or
3 harassing' searches [or seizures]." Id. (citations omitted); Cal. Pen. Code § 3067(d) ("It is not the
4 intent of the Legislature to authorize law enforcement officers to conduct searches for the sole
5 purpose of harassment.").  A search or seizure is "arbitrary, capricious or harassing" "if it is
6 'unrelated to rehabilitative, reformative or legitimate law enforcement purposes, or when the
7 search [or seizure] is motivated by personal animosity toward the parolee.'" Estrella, 69 F.4th at
8 972 (quoting People v. Reyes, 19 Cal.4th 743, 754, 80 Cal.Rptr.2d 734, 740 (1998) (quoting In re
9 Anthony S., 4 Cal App. 4th 1000, 1004, 6 Cal.Rptr.2d 214, 217 (1992))).

          C.   Eighth Amendment Cruel and Unusual Punishment/Excessive Force

11        The Eighth Amendment prohibits officials from inflicting cruel and unusual punishment
12 on persons who have been convicted of a crime. Whitley v. Albers, 475 U.S. 312, 319 (1986).
13 Cruel and unusual punishment has been defined as "the unnecessary and wanton infliction of
14 pain," id., and "applies equally to convicted prisoners inside or outside the walls of the penal
15 institution." Hughes v. Rodriguez, 31 F.4th 1211, 1221 (9th Cir. 2022) (case concerning escaped
16 convict); see also Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) (the
17 Eighth Amendment governs cruel and unusual punishments of convicted persons, whereas the
18 Fourteenth Amendment governs the cruel and unusual punishment of pretrial detainees).
19        When an official is "accused of using excessive physical force in violation of the Cruel
20 and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a
21 good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."
22 Hudson v. McMillan, 503 U.S. 1, 7 (1992). The malicious and sadistic use of force to cause harm
23 always violates contemporary standards of decency in violation of the Eighth Amendment.
24 Whitley, 475 U.S. at 327.
25       "This court applies a five-factor test to determine whether the use of force was malicious
26 and sadistic: "(1) the extent of injury suffered by an inmate; (2) the need for application of force;
27 (3) the relationship between that need and the amount of force used; (4) the threat reasonably
28 perceived by the responsible officials; and (5) any efforts made to temper the severity of the

1  forceful response." Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  While the absence
2  of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Hudson, 503
3  U.S. at 7.  Ninth Circuit case law is clear—when the circumstances show that there is no need for
4  force, any force used is constitutionally unreasonable.  See Fontana v. Haskin, 262 F.3d 871, 880
5  (9th Cir.2001); P.B. v. Koch, 96 F.3d 1298, 1303 n.4 (9th Cir. 1996); Felix v. McCarthy, 939
6  F.2d 699, 702 (9th Cir. 1991).

       D.  State Law Claims

    Under the California Government Claims Act, no action for damages may be commenced against a public employee or entity unless a written claim was timely presented (within six months after the challenged incident) and acted upon before filing suit.  See Cal. Govt. Code §§ 905, 945.4, 950.2.  The resulting suit must "allege facts demonstrating or excusing compliance with the claim presentation requirement" or the state law claim is subject to dismissal.  State of California v. Superior Ct., 32 Cal.4th 1234, 1239 (2004).  "The requirement that a plaintiff must affirmatively allege compliance with the [Government Claims Act] applies in federal court."  Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).