UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE ROBINSON, | No.  2:24-cv-3681 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| NOAH WILLSMORE, | |
| Defendant. | |

Plaintiff is a current county inmate proceeding without counsel in this civil rights action, which raises claims against his parole officer.  Pursuant to the court's Alternative Dispute Resolution ("ADR") program for prisoner cases, the matter was set for a settlement conference on February 19, 2026, before Magistrate Judge Dennis M. Cota.  ECF No. 24.  On February 13, 2026, Judge Cota vacated the settlement conference because plaintiff appeared to be out of custody and the court did not have plaintiff's email contact information.  ECF No. 26.

On March 6, 2026, plaintiff filed a motion to appoint counsel and a notice regarding his non-appearance for the ADR conference.  ECF Nos. 29, 30.  On March 27, 2026, defendant filed a motion to strike both filings.  ECF No. 32.  Defendant argues these documents should be stricken pursuant to Local Rule 131(b) and Rule 11 of the Federal Rules of Evidence because plaintiff failed to sign the request for appointment of counsel, declaration in support of the request, and notice of non-appearance.  Id. at 1-2.

1

Eastern District Local Rule 131(b) requires that "[a]ll pleadings and non-evidentiary documents shall be signed by . . . the party involved if that party is appearing in propria persona. Affidavits and certifications shall be signed by the person executing the document." Rule 11 of the Federal Rules of Civil Procedures requires courts to "strike an unsigned paper *unless* the omission is *promptly corrected* after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a) (emphasis added).

Here, the non-compliance with Local Rule 131(b) and Rule 11 of the Federal Rules of Evidence was not called to plaintiff's attention until defendant filed the present motion to strike. On April 13, 2026, plaintiff filed a signed, amended notice of non-ADR appearance, electing to reschedule the ADR settlement conference. ECF No. 33. Accordingly, the motion to strike plaintiff's notice regarding his non-ADR appearance will be denied as moot.

On April 13, 2026, plaintiff also filed a motion to withdraw his motion for appointment of counsel. ECF No. 34. The motion to withdraw plaintiff's motion for appointment of counsel will be granted, and the motions to appoint counsel and to strike the motion to appoint counsel will be denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel (ECF No. 29) is DENIED as MOOT.

2. Defendant's motion to strike (ECF No. 32) plaintiff's motion to appoint counsel and notice regarding non-appearance for ADR is DENIED as MOOT.

3. Plaintiff's motion to withdraw (ECF No. 34) plaintiff's motion to appoint counsel is GRANTED.

4. The Court will re-set the settlement conference by separate order.

DATED: April 20, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2